# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD COAST HARVESTING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SELECT ONION COMPANY, LLC; FARRELL LARSON; and DOES 1 through 50, inclusive,<br><br>Defendants. | 1: 08-cv-01529 GSA<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>    Non-Expert: June 1, 2009<br>    Expert Disclosures: July 1, 2009<br>    Supp. Expert Discl.: July 15, 2009<br>    Expert Discovery: August 15, 2009<br><br>Motion Deadlines:<br>    Non-Dispositive: August 31, 2009<br>    Dispositive: October 16, 2009<br><br>Pre-Trial Conference:<br>    January 14, 2010 at 9:30 a.m.<br>    Courtroom 10 (GSA), 6th Floor<br><br>Trial:  February 23, 2010 at 9:00 a.m.<br>       Courtroom 10 (GSA), 6th Floor<br>       3 Day Jury Trial<br><br>Settlement Conference:<br>    April 1, 2009 at 10:00 a.m.<br>    Courtroom 9 (DLB), 6th Floor |

**I.**     **Date of Scheduling Conference**

February 9, 2009.

1

**II.     Appearances of Counsel**

James W. Sullivan appeared telephonically on behalf of Plaintiff Gold Coast Harvesting, Inc.

Bart M. Botta appeared telephonically on behalf of Defendant Select Onion Company, LLC.

**III.    The Pleadings**

**1.     Summary of Factual and Legal Contentions**

Gold Coast filed suit against Select Onion for breach of contract under the Supply Contract which Gold Coast alleges Select Onion breached by its anticipatory repudiation on or about April 1, 2008, and by failing to provide assurance that it would perform under the contract. Gold Coast seeks contract damages, interest at 1.5% per month, commencing May 1, 2008, and its attorneys fees under the contract.

Select Onion asserts that under the Supply Contract there were separate supply requirements for the Imperial Valley season and the San Joaquin Valley season, which were distinct and separate, and the breach of one of these parts of the Supply Contract in no way or manner impaired the value of the whole Supply Contact.  Select Onion alleges that on June 3, 2008, Gold Coast repudiated the Supply Contract through its counsel.  In response to this repudiation, Select Onion repeatedly asked for assurances of performance fo the San Joaquin Valley part of the Supply Contract, but Gold Coast failed and refused to give assurance of performance despite the fact that at all times Select Onion was ready, willing, and able to perform as required under the San Joaquin Valley part of the Supply Contract.  Select Onion seeks contract damages, interest at 1.5% per month, commencing June 3, 2008, and its attorneys fees under the contract.

**2.     Summary of Legal Issues**

A.     Does the Supply Contract contain separate and distinct supply requirements such that each is able to stand on its own?

2

    B.  Did Select Onion breach the Supply Contract by its actions?

    C.  Did Gold Coast breach the Supply Contract by its actions?

**3.** **Undisputed Legal Issues**

The parties agree that the Court's jurisdiction is proper. *See* Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(5).

There are no issues regarding personal jurisdiction or venue.

**IV.** **Consent to the Magistrate Judge**

The parties have consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge. (28 U.S.C. § 636 (c).)

**V.** **Discovery Plan and Cut-Off Date**

The parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **February 9, 2009**. The parties are ordered to complete all discovery pertaining to non-experts on or before **June 1, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **July 1, 2009**. The parties shall also disclose all supplemental experts on or before **July 15, 2009**. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **August 15, 2009**. The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking expert designation and preclusion of expert testimony.

**VI.     Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **August 31, 2009.** Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **October 16, 2009**, and heard in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

**VII.    Pre-Trial Conference Date**

The pre-trial conference will be held on **January 14, 2010**, **at 9:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Austin's chambers by email at gsaorders@caed.uscourts.gov. The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

### VIII. Trial Date

The trial will be held on **February 23, 2010, at 9:00 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    A.    This is a jury trial.

    B.    Parties' Estimate of Trial Time: 3 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

### IX. Settlement Conference

A Settlement Conference is scheduled for **April 1, 2009, at 10:00 a.m.** in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

#### CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to dlborders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked

---

[2]Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

"confidential" with the date and time of the Settlement Conference indicated prominently thereon.

        The Confidential Settlement Conference Statement shall include the following:

        A.  A brief statement of the facts of the case.

        B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        C.  A summary of the proceedings to date.

        D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

        E.  The relief sought.

        F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

        Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**X.**    **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

        The parties have not requested bifurcation.

**XI.**    **Related Matters Pending**

        There are no related matters currently pending.

**XII.**    **Compliance with Federal Procedure**

        All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it

is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XIII.  Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 11, 2009**               /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE